In *Royal Business Machines, Inc.* v. *United States,* 1 CIT 80, *aff'd,* 669 F.2d 692 (1980), the Court noted:

> It is plain that the action is directed at the basis of the final determinations and not at the final order. In view of the fact that plaintiff's actual ag[g]rievement was inclusion in the final determinations, it should have brought an action under 19 U.S.C. § 1516a(2)." *id.* at 88.

In the case at bar, plaintiff's actual aggrievement is exclusion from the final ITC determination of material injury. "The final order could not do less than effectuate the final determinations." *Royal Business Machines* (supra) at 88.

A writ of mandamus is an extraordinary remedy, available only in extraordinary circumstances and when no meaningful alternatives are available. The Court's power to issue a mandamus under the All Writs Act (28 U.S.C. § 16519(a)) is limited to situations in which such action is necessary or appropriate in aid of its jurisdiction. *Canadian Tarpoly Co.* v. *U.S. International Trade Commission,* 640 F.2d 1322 (1981).

To grant the requested writ of mandamus in this instance would further serve to grant the ultimate relief available had plaintiff chose to bring an action under § 1516a. If plaintiff's request is framed as an issue of statutory construction, as a question of law the appropriate avenue of recourse is similarly a § 1516a action. Had the ITA refused to issue the antidumping order following the affirmative determinations, a mandamus action to compel the performance of a ministerial act would have been appropriate. This is not the situation presented here, and there being no challenge to the Court's jurisdiction over this matter, relief in the nature of mandamus must be denied.

Accordingly, for the reasons set forth herein, plaintiff's application is denied, defendants' and intervenor's crossmotion is granted, and this action is hereby dismissed.

AOC INTERNATIONAL, ET AL., PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 84-06-00739

Before WATSON, *Judge.*

(Dated May 16, 1985)

WATSON, *Judge:* Plaintiffs and the intervenor, Zenith Electronics Corporation have moved for access to confidential information in the

administrative record of the determination of the United States Department of Commerce which is under judicial review in this action. It is not denied that they have a right to see this information.

The defendant however has opposed the motions on the mistaken notion that they somehow place a cost of prosecuting the action on the government by allowing access to the record kept by the Department of Commerce in Washington, D.C. The government also raises the mystifying possibility that the fact that it has filed a copy of the record in Court will somehow create dual or multiple records if parties have access to the record kept in the Washington, D.C. office of the agency.

The principle that guides the Court in this matter is that parties ought to have the most convenient possible access to the record, so that the judicial review may proceed speedily and efficiently. The government's objections to providing access in Washington, D.C. are unjustified and obstructive of this important objective.

Accordingly, the motions for access are granted, with the movants to pay no more than the normal copying charges of the agency.

It is hereby ORDERED that all documents designated "business confidential" in the "Revised Index of Administrative Record" for the administrative record in the civil action captioned above, filed with this Court on February 28, 1985, by the United States Department of Commerce ("Commerce Department"), and all further business confidential materials filed with this Court in the course of this litigation (the "Documents"), shall be disclosed to counsel for plaintiffs and Zenith Electronics Corporation under protective order.

The Documents shall be made available to attorneys for plaintiffs, Mark R. Joelson, Christopher Dunn, Marilyn Kerst, and William J. Clinton of the law firm of Wald, Harkrader & Ross; Lawrence R. Walders of the law firm of Tanaka, Walders & Ritger; Gail T. Cumins and Ned H. Marshak of the law firm of Sharretts, Paley, Carter & Blauvent, P.C.; and to attorneys for the intervenor, Zenith Electronics Corporation, Frederick L. Ikenson and J. Eric Nissley, subject to the following terms and conditions:

1. The above-named attorneys will treat the information contained in the requested documents as confidential to the extent such information is not otherwise available in the public portion of the administrative record.

2. Within ten days from the date of entry of this order, the above-named attorneys shall have access to these confidential documents at the offices of the International Trade Administration of the Department of Commerce and the office of the Clerk of this Court for examination and copying, subject to the following terms and conditions:

a. The above-named attorneys shall not disclose the information to anyone (including any officer, shareholder, director, or employee of any of the plaintiffs in this matter) other than their immediate office

personnel actively assisting in this litigation or in administrative proceedings resulting from an order of this Court remanding this matter to the administrative agency.

b. The above-named attorneys shall cause all office personnel authorized to see the confidential information to sign a statement of acknowledgement that the information is confidential and that such information will not be disclosed to anyone other than other authorized personnel within their law firm.

c. Should the above-named attorneys consider the services of an expert necessary to the preparation of their case in this litigation, and the expert's services require the use of confidential information, they shall, prior to providing confidential information to an expert, notify all other counsel of their desire to retain an expert and shall provide all other counsel with: (1) the *curriculum vitae* of the proposed expert; (2) a description of the measures for safeguarding the confidential information to be made available to the proposed expert; (3) assurances that the proposed expert will provide the parties and this Court with a statement that the expert consents to be bound to the terms of this protective order; and (4) a certification that the proposed expert is independent of all parties in this case. No later than ten days from the date of the receipt of the above-described information, all other counsel shall either consent to the use of the expert or indicate their objection in writing. If the parties are unable to agree upon an expert within ten days, counsel seeking disclosure to the expert under this order may file an appropriate motion with this Court.

d. The above-named attorneys shall not make more than two (2) copies of any document that is deemed "confidential" pursuant to this order. A record shall be maintained of each copy made and, the name of the attorney for whom it is made.

e. Whenever any document subject to this order is not being used, it shall be stored in a locked vault, safe, or other suitable container, in a designated location at the office of counsel.

f. The above-named attorneys and their immediate office personnel (as described in 2(b)) shall neither disclose nor use any of the confidential information for purposes other than this litigation or in administrative proceedings resulting from an order of this Court remanding this matter to the Commerce Department.

g. Any document, including briefs and memoranda, that is filed with this Court in this civil action and that contains any of the confidential information shall be conspicuously marked as containing confidential information that is not to be disclosed to the public. Arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by this Court to have access, counsel for plaintiffs and counsel for the Government defendant. The party filing any document referred to in this paragraph shall also file at

the same time another copy of such document from which all of the confidential information shall have been deleted.

h. Any briefs or memoranda containing confidential information shall be served in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the names of the attorneys handling the case) and the Court," and shall be accompanied by a separate copy from which the confidential information shall have been deleted.

i. If it becomes necessary to introduce in evidence any documents containing the confidential information, counsel for the respective parties shall propose whatever means may be available and appropriate to limit publication of the documents to an extent no wider than is necessary for purposes of this litigation.

j. Upon conclusion of this litigation, the above-named attorneys shall return all documents containing confidential information and all copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of counsel or other authorized persons, which copies shall be destroyed. The above-named attorneys shall also submit to counsel for defendant a copy of the records required to be kept pursuant to paragraph 2(d), above. The return of such documents shall be accompanied by a certificate executed by a member of the firm of the attorneys in question attesting that the provisions of this paragraph have been complied with in all respects.

k. The above-named attorneys shall promptly report any breach of the provisions of this order to this Court; and it is further

ORDERED that the confidential status of all of those documents in the administrative record (which record has been filed in this civil action) that have been designated as "business confidential" be maintained.